# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of the Personal )
Restraint of: ) No. 68487-6-I
)
MICAH BRUNO, ) DIVISION ONE
)
) UNPUBLISHED DECISION
)
Petitioner. ) FILED: SEP 1 6 2013

PER CURIAM. Micah Bruno has filed this personal restraint petition alleging that he is not receiving the benefit of his plea bargain because the Department of Corrections (DOC) has not properly credited his sentence in King County No. 09-1-04252-3 SEA with presentence jail time.

The State filed criminal charges against Bruno in May 2009. On June 4, 2009, Bruno was arrested in Nevada and detained on local charges. Nevada authorities placed a fugitive hold on Bruno pursuant to the Washington warrant. In July 2009, Bruno was sentenced on the Nevada charges and transferred to a Nevada prison facility. In November 2009, Washington placed a detainer hold on Bruno.

Bruno was eventually transferred to King County Jail on April 2, 2010 and in May 2010, he pleaded guilty to twelve felony charges. As part of the plea agreement, the State and Bruno agreed that Bruno would receive credit for time served from the date the Washington warrant was served on Bruno. Bruno was sentenced in June 2010 to 75 months' imprisonment. The judgment and sentence provided that the "Defendant shall receive credit from the time when the

Washington warrant for this case was served on the defendant." According to the clerk's minutes from sentencing, credit would run from June 4, 2009, the date of Bruno's arrest in Nevada.

A couple of months after he was sentenced, on August 6, 2010, the trial court entered an order stating Bruno was to receive credit in this cause "starting November 15, 2009." This appears to be when the Washington detainer was served on Bruno.

Several months later, in November 2010, the court entered an amended Judgment and Sentence, striking the language providing for presentence credit from the time the Washington warrant was served, and simultaneously reducing his sentence by five months.

Finally on March 2011, the trial court entered yet another order. This order strikes the November 2010 amended judgment and sentence and reinstates the original June 2010 sentence.

In response to Bruno's petition, the DOC takes the position that the presentence credit calculation is properly based on the August 2010 order providing for presentence credit to run from November 15, 2009. The State, on the other hand, argues that through the reinstatement of the original judgment and sentence, Bruno is receiving the benefit of the sentence he bargained for—that is, credit from the date of his June 4, 2009, arrest in Nevada. The State concedes that although the March 2011 order reinstating the original sentence does not specifically rescind the August 2010 order, the later order supersedes the earlier one and the August 2010 order should be stricken.

The State's concession is well-taken. We accept the concession, grant the petition, and vacate the August 2010 order. The DOC is directed to calculate Bruno's early release date in accordance with the trial court's March 2011 order reinstating his June 2010 judgment and sentence.

For the court:

Spearman, ACJ

Dwyer, J.

Cox, J.